The plaintiff, Ronald E. Patterson, appeals from a summary judgment entered in favor of the defendants, Commonwealth National Bank and the chairman of its board of directors, Nettie M. Stewart. Patterson alleged that the bank breached his *Page 74 
employment contract, and that Nettie M. Stewart was guilty of intentional interference with business or contractual relations and/or fraud with regard to Patterson's termination as a bank employee. We affirm.
Patterson held the position of president of Commonwealth National Bank, pursuant to a three-year contract that ended on May 17, 1990. He was also a director of the bank. On May 10, 1990, the board extended the contract for one additional year. In October 1990, a meeting of the board of directors was called and notice thereof was sent to all directors, except Patterson. At the meeting, the board voted to terminate the employment of Patterson, and he was notified of that decision by Nettie M. Stewart. Stewart thereafter reported Patterson's dismissal at a subsequent board meeting, according to affidavits submitted by the defendants in support of their motion for summary judgment.
A national bank has the power:
 "to elect or appoint directors, and by its board of directors to appoint a president, a vice president, cashier and other officers, define their duties, require bonds of them and fix the penalty thereof, dismiss such officers or any of them at pleasure, and appoint others to fill their places."
12 U.S.C. § 24. Patterson does not seem to dispute the effect of 12 U.S.C. § 24, which would have the effect of changing his contract of employment to one of employment-at-will; however, he contends that 12 U.S.C. § 24 never came into effect under the facts of this case, because he was not terminated by thebank. He argues, instead, that he was terminated by a meeting of the board of directors that he says was void because one of the directors, namely Patterson himself, did not receive notice of the meeting pursuant to the bylaws. Therefore, he contends that the meeting terminating his employment was ultra vires and that he can now pursue claims alleging breach of contract, intentional interference with business or contractual relations, and fraud.
Despite Patterson's arguments, even if the board's actions were ultra vires (and we do not necessarily think that they were), the affidavits of the board members confirm that the board received a report that Patterson had been informed of his termination and basically ratified the dismissal at a subsequent board meeting, which was not attended by Patterson.
We find no error in the trial court's entering the summary judgment, and, therefore, we affirm.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.